FILED

AUG 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Jeffry R. Martin
P.O. Box 2571
Corvallis, Oregon [97339]

Plaintiff, *pro se*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jeffry R. Martin, ) | Case No. |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| UNITED STATES, a Federal Corporation aka ) | **JURY TRIAL DEMANDED** |
| UNITED STATES OF AMERICA, the ) | |
| INTERNAL REVENUE SERVICE and the ) | Case: 1:07-cv-01539 |
| DEPARTMENT OF THE TREASURY ) | Assigned To : Bates, John D. |
| ) | Assign. Date : 8/29/2007 |
| Defendants. ) | Description: Pro Se Gen. Civil |
| ) | |

*JURY ACTION*

### VERIFIED COMPLAINT

This is an action seeking to quiet title to real property belonging to Plaintiff, illegally encumbered under color of the internal revenue laws at 26 U.S.C. §§ 6212, 6213, 6321, 6322, 6323(f), 6404, 6751(b), 7402(e), 7429, 7432 and 7433, for which this court has original jurisdiction. Plaintiff is seeking actual and compensatory damages caused by the Defendants for such encumbrance as allowed by statute. Plaintiff has enjoined all cognizable issues capable of being resolved by this court in a single suit asserting multiple causes of action. Further, Plaintiff is moving for declaratory and injunctive relief pursuant to the Administrative Procedure Act ("APA") codified at 5 U.S.C. §§ 701-706 due to the procedural violations committed by the Defendants' employees. Plaintiff also seeks relief under the Constitution for the United States of America at the First, Fourth, Fifth, Ninth, Tenth, Fourteenth and Sixteenth Amendments, and the Bill of Attainder Clause at Article I, Section 9, Clause 3 and Article I, Section 10, Clause 1.

Defendants have deprived Plaintiff of rights, privileges and immunities secured under the Constitution for the United States of America. The following issues give rise to the Plaintiff's complaint as proper before this Court in seeking such relief as commanded upon the exhaustion of the administrative remedies, and are not extraordinary. Plaintiff is seeking actual and compensatory damages for the injuries to person and property caused by the Defendants for their reckless and willful acts.

**Jurisdiction And Venue**

This Court has jurisdiction pursuant to 26 U.S.C. §§ 6212, 6213, 6321, 6322, 6323(f), 6404, 7402(e), 7429, 7432, 7433, and 7802 – Internal Revenue Service Oversight Board; 28 U.S.C. § 2410 – Quiet Title; 28 U.S.C. § 1331 – Federal Question; 28 U.S.C. § 1332 – Diversity of Citizenship; 28 U.S.C. § 1340 – Internal Revenue; 28 U.S.C. § 1346 – United States Defendants; 28 U.S.C. § 1367 – Supplemental Jurisdiction; 28 U.S.C. § 3002(15)(A) – United States Federal Corporation; 5 U.S.C. §§ 701 - 706; 28 U.S.C. § 1651– All Writs Act; 1658 – Time Limitations on the Commencement of Civil Actions; Federal Rules of Civil Procedure §§ 57 and 65; and the broad equitable powers of this Court.

Venue is proper in the District of Columbia, the Seat of Government, pursuant to 4 U.S.C. §§ 71, 72 and 73; the United States is a Federal corporation pursuant to 28 U.S.C § 3002(15)(A), is a citizen as defined at 28 U.S.C § 1332(c)(1) and (d), and maintains its corporate offices located in the district.

**Joinder of Parties**

The Defendants, the UNITED STATES aka UNITED STATES OF AMERICA, the DEPARTMENT OF THE TREASURY and the INTERNAL REVENUE SERVICE officers, agents and employees have individually and collectively participated in causing damage and

harm to Plaintiff Jeffry R. Martin's person and property; and all Defendants are hereby enjoined, pursuant to Fed.R.Civ.P. – Rule 18, *in pari materia* with 28 U.S.C. § 1367 – engaging this Court's supplemental jurisdiction.

> "*. . . if the joined claims do arise from the same case or controversy, the court may exercise supplemental jurisdiction over the claims.*" See <u>*Leham v. Revolution Portfolio LLC*</u>, 166 F.3d 389, 394, (1ˢᵗ Cir. 1999). "*. . . Rule 18 permits joinder of any and all claims subject only to objections to jurisdiction and venue . . .*" (<u>*Sinclair v. Soniform*</u>, Inc., 935 F.2d 599 (3d Cir. 1991)).

Therefore, in the interest of justice and under the *Due Process Clause* of the Fifth Amendment and the *Equal Protection Clause* under the Fourteenth Amendment to the Constitution for the United States of America, Plaintiff effectively moves to enjoin all parties named herein as proper before the Court.

### Parties

(a) Plaintiff, Jeffry R. Martin is presently domiciled in the geographical mass of land identified as P.O. Box 2571, Corvallis, Oregon [97339] located in these 50 United States of (North) America.

(b) At all times relevant hereto, the corporate citizen Defendant UNITED STATES aka UNITED STATES OF AMERICA's main office is located at 500 N. Capitol St. NW, Washington, DC 20221, which is within the jurisdiction of the Court.

(c) Defendant the INTERNAL REVENUE SERVICE's main office is located at 1111 Constitution Avenue NW, Washington, DC 20224.

(d) Defendant DEPARTMENT OF THE TREASURY's main office is located at 1500 Pennsylvania Avenue NW, Washington. DC 20220.

### Facts And Summary Of Events

1. Plaintiff realleges all allegations stated above in this complaint, and further alleges:

2. The Department of the Treasury, Internal Revenue Service, wrongfully and illegally caused a Notice of Federal Tax Lien (Benton County, State of Oregon Serial Number 236927105 and dated July 8, 2005) to be filed against Plaintiff's real property interest.

3. Prior to filing this action, the Plaintiff filed numerous administrative claims (incorporated by reference) by writing and serving notice on the Area Director and the Compliance Technical Support Manager for the proper IRS district as required by 26 C.F.R. § 301.7433-1(e)(1). In these written administrative claims, the Plaintiff informed the Area Director and the Compliance Technical Support Manager in detail of the grounds for said claims.

4. The Plaintiff further informed the Area Director and the Compliance Technical Support Manager in writing and described the injuries incurred as a result of the violations of law and violations of administrative regulations by employees of the Internal Revenue Service.

5. The Plaintiff further informed the Area Director and the Compliance Technical Support Manager in writing of the specific dollar amount of the claims and damages incurred, not yet incurred and reasonably foreseeable for which all of the claims were made in writing; and the IRS has ruled upon the administrative claims, denying each, every and all and the Area Director and the Compliance Technical Support Manager have not answered.

6. On or about July 8, 2005, alleged Revenue Officer EDWARD L. REESE and C. SHERWOOD issued a "Notice of Federal Tax Lien" (NFTL) in the amount of $54,953.66 for tax years 1999 and 2001, allegedly signed by C SHERWOOD *aka* CHERYL SHERWOOD, effectively slandering title to the name and real property rights of Plaintiff Jeffry R. Martin.

7. That included with NFTL was Letter 1058 dated July 7, 2005 and signed by Revenue Officer EDWARD L. REESE and C. SHERWOOD titled "NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING", demanding that Plaintiff respond immediately regarding the illegal NFTL filing.

8. That in response to Letter 1058 and the NFTL, on or about July 19, 2005 the Plaintiff sent an document titled "NOTICE TO CONTEST IRS FINAL NOTICE OF INTENT TO LEVY AND REQUEST FOR CDP HEARING" and included IRS Form 12153 – requesting a Collections Due Process Hearing to dispute the illegal Notice of Federal Tax Lien prematurely issued encumbering Plaintiff's real property rights.

9. That included in Letter 1058 was the Notice of Federal Tax Lien for tax years 1999 and 2001 in the amount of $54,953.66 issued prior to allowing the Plaintiff to exercise his Collections Due Process Hearing Rights pursuant to Section 6330.

10. That although the Plaintiff has consistently filed annual statements for tax years 1999 through 2006, Service employees unknown to the Plaintiff have caused Substitute for Returns to be issued, as indicated on the Individual Master File (IMF), in complete in violation of 26 U.S.C. § 6020(b).

11. That because Plaintiff's filing of annual statements in lieu of returns was ignored, on or about January 27, 2007 or soon thereafter, the Plaintiff caused Form 1040 returns to be filed for tax years 1999 through 2006, taking all allowable exemptions, deductions and exclusions from gross income and in being made whole, resulted in Plaintiff having a Zero liability.  The Internal Revenue Service responded stating the filings were frivolous and added on penalties and interest.

12. That on or about August 23, 2005 the Plaintiff filed an Administrative Claim, submitting Form 12277- "Application for Withdrawal of Filed Form 668(Y), Notice of Federal Tax Lien, and demanded the Notice of Federal Tax Lien be released and the alleged assessment be abated; and in response Plaintiff received Letter 3176C dated November 30, 2005, making the summary determination that Plaintiff's claims were frivolous and taking the hardline position that no future response to the issues raised would come to fruition.

13. That on or about September 18, 2006 the Plaintiff received multiple Notice CP15's dated September 11, 2006 abusively assessing a frivolous filing penalty for tax year 1999 totaling $6,144.85, demanding amounts greater than authorized by law.

14. That on or about September 18, 2006 the Plaintiff received multiple Notice CP15's dated September 11, 2006, abusively assessing a frivolous filing penalty for tax year 2001 totaling $6,661.57, demanding amounts greater than authorized by law.

15. That on or about April 24, 2006 the Plaintiff received Letter 3175C dated April 17, 2006, that took the administrative position that the Plaintiff had raised a frivolous argument, but it did not disclose or establish the nature of frivolity presumed to exist.

16. That during the months of April and August 2006 the Plaintiff received Letters 105C dated April 17, 2006 and August 29, 2006 that disallowed the Plaintiff's claim for credit in the amount of $5,239.59 for tax year 1999 and $5234.59 for tax year 2001 in response to Forms 843- Request for Abatement previously filed.

17. That on or about April 24, 2006 the Plaintiff received Letter 105C dated April 17, 2006 disallowing the Plaintiff's claim for credit in the amount of $50,193.91 in response to a Form 843- Request for Abatement previously filed.

18. Defendants' employees EDWARD L. REESE and C. SHERWOOD proceeded in violation of 26 U.S.C. § 6103. Confidentiality and disclosure of returns and return information, which states in pertinent part: "(a) General rule. Returns and return information shall be confidential, and except as authorized by this title— (1) no officer or employee of the United States, and (3) no other person . . . shall disclose any return or return information obtained *by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section.*"

19. The Defendants have acted in complete defiance of the internal revenue laws, abused their presumed authority and caused violations of federal and state law to precipitate, which is the direct and proximate cause of the damages suffered by the Plaintiff cited the causes of action to wit:

### COUNT I.
### Quiet Title Action 28 U.S.C. § 2410

20. Plaintiff realleges all allegations stated above, and further states:

21. On or about July 8, 2005 or soon thereafter, Defendants' employees EDWARD L. REESE and C. SHERWOOD conspired with intent to deprive Plaintiff of his Constitutionally-protected Rights, did in bad faith and willful oppression under color of law intentionally and recklessly with willful disregard for the internal revenue laws *commit numerous procedural violations* prior to issuing the "Notice of Federal Tax Lien" against Plaintiff's real-property rights in the amount $54,953.66 for tax years 1999 and 2001, rendering the instrument invalid;

22. This action arises under the Federal Tax Lien Act of 1966 [80 Stat. 1125] and Title 28 U.S.C. § 2410 and jurisdiction is conferred upon this honorable court to determine quiet title in state law and federal Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367.

23. The Plaintiff, is the fee simple owner of real property located at 1441 North West Alta

Vista Drive, Corvallis, Oregon [97330] more particularly described as follows:

> Beginning at a ½ inch pipe which is South 88° 13-1/2' West 355.65 feet, South
> 0°21' East 120 feet and South 88° 13-1/2' West 96 feet from the Northeast corner
> of the Joseph P. Friedley Donation Land Claim no. 62, Township 11 South,
> Range 5 West of Willamette Meridian in Benton County, Oregon; thence
> continuing South 88° 13-1/2' West, parallel to the North line of Block 4, Wells
> Addition to Corvallis, Oregon, 154.45 feet to a ½ inch rod on the East line of Alta
> Vista Drive; thence South 0°21' East along the East line of said Alta Vista Drive,
> 92 feet to ½ inch rod; thence North 88° 13-1/2' East 154.46 feet to a ½ inch pipe;
> thence North 0°21' West 92 to the point of beginning.

24. The real property described above is in actual possession of the Plaintiff.

25. The Defendant, the United States is a federal corporation.

26. The Defendants' employees, EDWARD L. REESE and C. SHERWOOD, named on the

Notice of Federal Tax lien are presumed to be employees of the United States.

27. The Plaintiff contends that the Defendants have no valid Notice of Federal Tax Lien or

Federal Tax Lien and no authority to lien, or otherwise encumber the title to the above

referenced real property by the creation and filing of the Notice of Federal Tax Lien.

28. The Plaintiff contends that the Defendants failed to comply with the procedural

requirements of 26 U.S.C. § 6212 and 6213, and never caused a Notice of Deficiency to issue

for tax years 1999 and 2001, giving Plaintiff an opportunity to petition tax court prior to issuing

the Notice of Federal Tax Lien.

29. The Plaintiff contends and provides evidence sufficient to conclude that the Defendants

failed to comply with the procedural requirements of 26 U.S.C. § 6203, and never made an

assessment of a tax liability for tax years 1999 and 2001 prior to causing the Notice of Federal

Tax Lien to issue.

30. The Plaintiff contends and provides evidence sufficient to conclude that the Defendants failed to comply with the procedural requirements of the internal revenue laws, *failing to obtain approval from the Secretary in writing* for tax years 1999 and 2001 pursuant to 26 U.S.C. § 6751(b) prior to or after issuing the Notice of Federal Tax Lien.

31. The Plaintiff contends that the Defendants intentionally violated the procedural requirements for the Substitute for Return (SFR) as applicable to 26 CFR § 301.6020-1(2)(b)(2) and IRM 5.1.11.9 – 26 U.S.C. § 6020(b) Authority, and failed to obtain a Signature from the Secretary authorizing the issuance of the Substitute for Return for tax periods 1999 and 2001 as indicated on the Notice of Federal Tax Lien. The Defendants, causing and SFR Form 1040 to issue, knew that the Authority of Section 6020(b) does not authorize the issuance of Form 1040.

32. The procedural violations enumerated herein are consistent with the violations as stated throughout these causes of action.

33. The Defendants claim some interest adverse to the Plaintiff's in the real property described above, but the Defendants' claim is without merit and the Defendants have no estate, title, claim, lien, or superior claim in the real property or any portion thereof.

34. The Plaintiff has no plain, speedy or adequate remedy at law.

## COUNT II.
## Defendants Failed To Comply With 26 U.S.C. § 6213(a) And The APA

35. Plaintiff realleges all allegations stated above, and further states:

36. The action taken, and the Defendants' failure to act in response to Plaintiff's request that they release the administrative notice of federal tax lien for calendar years 1999 and 2001, is a final agency action under the APA.

37. Plaintiff is entitled to be issued a notice of deficiency for calendar years 1999 and 2001, giving Plaintiff an opportunity to dispute the alleged liability prior to Defendants issuance of the administrative notice of federal tax lien against Plaintiff's personal property.

38. Defendants' employees have effectively usurped this Act of Congress and intentionally blocked Plaintiff's Constitutionally-protected access to due process and equal protection of the law wherein they failed to allow Plaintiff ninety (90) days to petition the tax court and effectively dispute their outrageous, fictitious and unverifiable claim void of an established basis of liability.

39. As a direct and proximate result of the Defendants' failure to fully comply with 26 U.S.C. § 6213(a) and their illegal conduct in violation of Plaintiff's rights under the Administrative Procedure Act (APA), the Fifth, Fourteenth and Sixteenth Amendments to the Constitution for the United States of America, Plaintiff is entitled to declaratory and injunctive relief; and Defendants should be ordered to pay compensatory damages for the injury and harm the Plaintiff has sustained, plus interest.

## COUNT III.
### Defendants' Employees Failed To Comply With 26 U.S.C. § 7432 And The APA

40. Plaintiff realleges all allegations stated above, and further alleges:

41. The action taken, and the Defendants' failure to act in response to Plaintiff's request that they release the statutory NFTL for calendar years 1999 and 2001, is a final agency action under the APA.

42. That on or about August 23, 2005 the Plaintiff filed an Administrative Claim, submitting Form 12277- "Application for Withdrawal of Filed Form 668(Y), Notice of Federal Tax Lien, and demanded the Notice of Federal Tax Lien be released and the alleged assessment be abated; and in response Plaintiff received Letter 3176C dated November 30, 2005, making the summary

determination that Plaintiff's claims were frivolous and taking the hardline position that no future response to the issues raised would come to fruition.

43. As a direct and proximate result of the Defendants' failure to fully comply with the internal revenue laws generally, and their illegal conduct in violation of Plaintiff's rights under the Administrative Procedure Act (APA), the IRS Restructuring and Reform Act of 1998, and the Fourth, Fifth and Sixteenth Amendments to the Constitution for the United States of America, Plaintiff is entitled to actual and statutory damages; and Defendants should be ordered to pay compensatory damages for the injury and harm the Plaintiff has sustained, plus interest.

## COUNT IV.
## Defendants Failed To Comply With 26 U.S.C. § 6331(j)(2)(A) And The APA

44. Plaintiff realleges all allegations stated above, and further states:

45. The action taken, and the Defendants' failure to act in response to Plaintiff's request that they verify, establish and identify the statutory tax liability imposed against the property rights of Plaintiff under the internal revenue laws for calendar years 1999 and 2001, is a final agency action under the APA.

46. Defendants' employees EDWARD L. REESE and C. SHERWOOD issued "Form 668-A (ICS)- Notice of Federal Tax Lien" dated July 8, 2005, identifying the alleged "Kind of Tax" liability as "1040", which is a Form and not an act of Congress or type of statutory tax liability imposed under the internal revenue laws.

47. Congress established the collection authority at 26 U.S.C. § 6301, which states in pertinent part: "The Secretary shall collect the taxes imposed by the internal revenue laws," and Form 1040 is not an act of Congress that imposes any income tax – it is a Form used to employ IRS policy regarding mathematical computations and accounting methods to ascertain a tax liability presently unknown to Plaintiff.

48. As a direct and proximate result of the Defendants' failure to fully comply with the internal revenue laws generally, and their illegal conduct in violation of Plaintiff's rights under the Administrative Procedure Act (APA), the IRS Restructuring and Reform Act of 1998, and the Fourth, Fifth and Sixteenth Amendments to the Constitution for the United States of America, Plaintiff is entitled to actual and statutory damages; and Defendants should be ordered to pay compensatory damages for the injury and harm the Plaintiff has sustained, plus interest.

## COUNT V.
## Defendants Failed To Comply With 26 U.S.C. § 6404(a) And The APA

49. Plaintiff realleges all allegations stated above, and further states:

50. The action taken, and the Defendants' failure to act in response to Plaintiff's request that *they suspend the interest and penalties for an amount not specifically stated - establishing no statutory basis of liability for any tax imposed* for calendar years 1999 and 2001, is a final agency action under the APA.

51. Defendants caused erroneous statutory tax penalties to be assessed at 26 U.S.C. §§ 6601 – **Interest on underpayment**, Section 6651 - **Failure to file tax return** and 6654 – **Failure to pay estimated income tax**, yet the Plaintiff has complied with all requisite filing requirements.

52. As a direct and proximate result of the Defendants' failure to fully comply with the internal revenue laws generally, and their illegal conduct in violation of Plaintiff's rights under the Administrative Procedure Act (APA), the IRS Restructuring and Reform Act of 1998, and the Fourth, Fifth and Sixteenth Amendments to the Constitution for the United States of America, Plaintiff is entitled to actual and statutory damages; and Defendants should be ordered to pay compensatory damages for the injury and harm the Plaintiff has sustained, plus interest.

## COUNT VI.
## Defendants Failed To Comply Assess A Liability And Violated The APA

53. Plaintiff realleges all allegations stated above, and further states:

54. The action taken, and the Defendants' failure to act in response to Plaintiff's request that they withdraw or release the non-judicial administrative statutory NFTL where they *failed to make an assessment* in the time and mode prescribed by the Secretary prior to the its issuance for calendar years 1999 and 2001, is a final agency action under the APA.

55. Defendant's employees' failure to comply with 26 U.S.C. § 6203 has resulted in a slander of title, causing great economic injury to Plaintiff's credit rating and borrowing power, and effectively prohibiting Plaintiff's ability to proceed in commerce with said encumbrance.

56. As a direct and proximate result of the Defendants' failure to fully comply with the internal revenue laws generally, and their illegal conduct in violation of Plaintiff's rights under the Administrative Procedure Act (APA), the IRS Restructuring and Reform Act of 1998, and the Fourth, Fifth and Sixteenth Amendments to the Constitution for the United States of America, Plaintiff is entitled to actual and statutory damages; and Defendants should be ordered to pay compensatory damages for the injury and harm the Plaintiff has sustained, plus interest.

## COUNT VII.
## Violations Of Plaintiff's Rights Under The APA And The Bill Of Attainder Clause At Article I, Section 9, Clause 3 and Article I, Section 10, Clause 1

57. Plaintiff realleges all allegations stated above, and further alleges:

58. The action taken, and the Defendants' failure to act in response to Plaintiff's request that they withdraw or release the non-judicial administrative statutory NFTL issued pursuant to the internal revenue laws at 26 U.S.C. §§ 6321, 6322 and 6323(f) for calendar years 1999 and 2001, is a final agency action under the APA.

59. That Plaintiff exercised his First Amendment right of redress of grievance and petitioned employees of the Defendants seeking assistance and a better understanding of his particular

obligation under the internal revenue laws which resulted in Plaintiff being identified and labeled as a tax protester – one element of a Bill of Attainder.

60. The Defendants employed the use of Form 668-(Y)(c) - Notice of Federal Tax Lien, citing the authority to encumber real property administratively wherein the instrument effectively: (1) identifies a specific person, (2) imposes punishment, and (3) causes the seizure and taking of property without a judicial trial.

61. The Defendants issued a non-judicial administrative statutory NFTL for calendar years 1999 and 2001 that has effectively encumbered the interest in Plaintiff's real property, slandered title to Plaintiff's name, and prohibited his ability to proceed in commerce to refinance or sell his property, which would result in the seizure and taking of Plaintiff's personal property without a decree or judgment and without a judicial trial – a prohibited bill of attainder at Article I, Section 9 Clause 3 and Article I, Section 10 Clause 1.

62. As a direct and proximate result of the Defendants' failure to fully comply and their illegal conduct in violation of Plaintiff's rights under the Administrative Procedure Act (APA); the Fourth, Fifth and Sixteenth Amendments, Article I, Section 9, Clause 3 and Article I, Section 10, Clause 1 to the Constitution for the United States of America; Plaintiff is entitled to declaratory and injunctive relief; and Defendants should be ordered to pay compensatory damages for the injury and harm the Plaintiff has sustained, plus interest.

### COUNT VIII.
### Defendants Failed To Comply With 26 U.S.C. § 6751(b)

63. Plaintiff realleges all allegations stated above, and further states:

64. The action taken, and the Defendants' failure to act wherein they did not *obtain approval from the Secretary in writing* pursuant to 26 U.S.C. § 6751(b) prior to or after issuing

the jeopardy assessment of an unknown liability for calendar years 1999 and 2001, is a final agency action under the APA.

65. The Defendants caused frivolous filing penalties to issue and proceeded in bad faith, and under color of law without obtaining approval from the Secretary prior to said issuance.

66. As a direct and proximate result of the Defendants' failure to fully comply with the internal revenue laws generally, and their illegal conduct in violation of Plaintiff's rights under the Administrative Procedure Act (APA), the IRS Restructuring and Reform Act of 1998, and the Fourth, Fifth and Sixteenth Amendments to the Constitution for the United States of America, Plaintiff is entitled to actual and statutory damages; and Defendants should be ordered to pay compensatory damages for the injury and harm the Plaintiff has sustained, plus interest.

### COUNT IX.
### Defendants Failed To Comply With 26 U.S.C. § 6020(b)

67. Plaintiff realleges all allegations stated above, and further states:

68. The action taken, and the Defendants' failure to act wherein they *failed to obtain approval from the Secretary in writing* prior to creating an alleged liability under the authority of 26 U.S.C. § 6020(b) and made the false claim that a valid Substitute For Return was issued and signed under the internal revenue laws for calendar years 1999 and 2001, is a final agency action under the APA.

69. Regulations provide that for the Substitute for Return (SFR) to be valid, the SFR must be signed and certified by the issuing officer pursuant to 26 CFR § 301.6020(a)(1), establishing a liability for each year – yet no evidence exists that a signature was obtained and the Secretary authorized the SFR established on the IMF Complete and/or Literal transcripts for tax years 1999 and 2001.

70. The Plaintiff did not fail to make a return for tax years 1999 and 2001, but the Defendants refused to accept the filed return and statements therein made without disclosing what caused the return to be rejected, and caused invalid unsigned Substitute for Returns (Dummy Returns) to be filed on Plaintiff's behalf.

71. As a direct and proximate result of the Defendants' failure to fully comply with the internal revenue laws generally, and their illegal conduct in violation of Plaintiff's rights under the Administrative Procedure Act (APA), the IRS Restructuring and Reform Act of 1998, and the Fourth, Fifth and Sixteenth Amendments to the Constitution for the United States of America, Plaintiff is entitled to actual and statutory damages; and Defendants should be ordered to pay compensatory damages for the injury and harm the Plaintiff has sustained, plus interest.

## COUNT X.
## Defendants Proceeded In Violation Of 26 U.S.C. § 6702 And The APA

72. Plaintiff realleges all allegations stated above, and further states:

73. The action taken, and the Defendants' failure to act wherein they *knowingly demanded other or greater sums than are authorized by law* for calendar years 1999 and 2001, is a final agency action under the APA.

74. The Defendants proceeded in violation of 26 U.S.C. § 6702(a)(2)(B), wherein they intentionally issued statutory civil penalties for filing a frivolous return on Notice CP15 dated September 11, 2006 for tax year 1999 in the combined amount of $6,144.85, assessing and demanding $1500.00, a sum greater than the $500.00 civil penalty assessment authorized by this Act of Congress.

75. That the Defendant caused multiple $500.00 frivolous filing penalties to be issued for tax year 1999 resulting in $5,644.85 of abusive excess, although the Plaintiff filed no other forms or returns seeking an abatement of the alleged assessment and liabilities.

76. There is no evidence that the Defendants' obtained signature approval prior to causing the CP15 civil penalty notices to issue, which is a necessary act giving validity to their actions under the internal revenue laws.

77. As a direct and proximate result of the Defendants' failure to fully comply with the internal revenue laws generally, and their illegal conduct in violation of Plaintiff's rights under the Administrative Procedure Act (APA), the IRS Restructuring and Reform Act of 1998, and the Fourth, Fifth and Sixteenth Amendments to the Constitution for the United States of America, Plaintiff is entitled to actual and statutory damages; and Defendants should be ordered to pay compensatory damages for the injury and harm the Plaintiff has sustained, plus interest.

## COUNT XI.
### Defendants Violated Procedural Statutes At Section 6331 And The APA

78. Plaintiff realleges all allegations stated above, and further states:

79. The action taken, wherein the Defendants intentionally presented a false document for filing and issued Letter 1058 dated July 7, 2005 titled, "NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING" which states in pertinent part: *"This letter is your notice of our intent to levy under Internal Revenue Code (IRC) Section 6331"* for calendar years 1999 and 2001, is a final agency action under the APA.

80. The statutory construction of 26 U.S.C. § 6331(a) and implementing regulations at 26 CFR 301.6331-1(4) states in pertinent part: *"Authority of Secretary ... Levy maybe made upon the accrued salary or wages of any officer, employee or elected official of the United States, the District of Columbia or any a agency or instrumentally of the United States or District of Columbia..."* and the Plaintiff is not within the jurisdictional scope of this statute.

81. As a direct and proximate result of the Defendants' failure to fully comply with the internal revenue laws generally, and their illegal conduct in violation of Plaintiff's rights under

the Administrative Procedure Act (APA), the IRS Restructuring and Reform Act of 1998, and the Fourth, Fifth and Sixteenth Amendments to the Constitution for the United States of America, Plaintiff is entitled to actual and statutory damages; and Defendants should be ordered to pay compensatory damages for the injury and harm the Plaintiff has sustained, plus interest.

**COUNT XII.**
**Violation Of Plaintiff's Rights Under The APA And The**
**Just Compensation Clause Of The Fifth Amendment**

82. Plaintiff realleges all allegations stated above, and further states:

83. The action taken, and the Defendants' failure to act wherein they *knowingly demanded other or greater sums than are authorized by law* for calendar years 1999 and 2001, is a final agency action under the APA.

84. Plaintiff did not engage in an excise taxable activity subject to a federal tax liability under the internal revenue laws and at all times produced compensation from his labor that enjoyed the protections of the Sixteenth Amendment.

85. Plaintiff caused statements or returns to be filed as required by Section 6001 of the internal revenue laws resulting in a Zero liability. The Defendants rejected the filed returns, causing Plaintiff to file Form 1040's that resulted in a Zero liability as well.

86. Plaintiff filed his returns claiming all exemptions, deductions and exclusions to which he is entitled to be made whole for any loss sustained for calendar years 1999 and 2001 under the internal revenue laws at 26 U.S.C. §§ 165(a) and 212 and under the Just Compensation Clause of the Fifth Amendment accessed by way of the Fourteenth Amendment.

87. Plaintiff's compensatory damages restored to him when filing his return and statements included internal revenue laws that allowed him to be awarded "make whole" relief intended to

justly compensate Plaintiff for the loss sustained of life and liberty for the production of said property –the loss of human capitol.

88. The Defendants ignored Plaintiff's right under the internal revenue laws and the Constitution to be made whole from any loss sustained, deeming the Plaintiff's rights as frivolous and causing Substitute for Returns to be filed – assessing computer generated interest, penalties and other financial claims as punishment.

89. As a direct and proximate result of the Defendants' refusal to allow Plaintiff to be made whole or to recognize the right of Plaintiff to make himself whole from any loss sustained, in violation of Plaintiff's rights under the APA and the Just Compensation Clause of the Fifth Amendment and under the internal revenue laws at 26 U.S.C. §§ 61, 165(a) and 212, Plaintiff is entitled to actual and statutory damages; and Defendants should be ordered to pay compensatory damages for the injury and harm the Plaintiff has sustained, plus interest.

### Demand For Remedy And Relief Sought

90. Plaintiff, having documented evidence of the reckless willful acts and intentional disregard of the internal revenue laws by officers, employees and agents of the UNITED STATES Defendants, is therefore entitled to damages. The acts, conduct and behavior of the Defendants taken separately and as a whole were performed knowingly, intentionally and maliciously, by reason for which Plaintiff is entitled to judgment.

**WHEREFORE,** Plaintiff Jeffry R. Martin has been damaged by the actions and inactions of officers, employees and agents of the UNITED STATES, DEPARTMENT OF THE TREASURY and the INTERNAL REVENUE SERVICE due to their individual and collective intentionally and recklessly willful disregard for the internal revenue laws, causing the

procedurally invalid statutory Notice of Federal Tax Lien, and he prays for and is entitled to relief as follows:

a. An Order commanding the Defendants release the procedurally invalid Notice of Federal Tax Lien and cause a Certificate of Release of Federal Tax Lien to issue on all real property belonging to Plaintiff;

b. An Order of judgment against the Defendants for statutory damages in the amount of One Million Dollars ($1,000,000) for their intentional and willful violations of Plaintiff's rights under the Constitution for the United States of America and the internal revenue laws;

c. Declare that Plaintiff has a Constitutional right to restore and be made whole of any loss sustained for the production of his property.

d. An Order of judgment against the Defendants for compensatory damages in the amount of $54,953.66 for the false claims alleged in the procedurally invalid Notice of Federal Tax Lien encumbering and slandering title to Plaintiff's real and personal property rights;

e. An Order of judgment against the Defendants for treble damages in the amount of $164,860.98 for the false claims alleged in the Notice of Federal Tax Lien and slandering title Plaintiff's real and personal property rights;

f. An Order commanding the Defendants pay the cost of this action;

g. Any other remedy at law and in equity this Court deems just and proper.

### JURY TRIAL DEMANDED

Respectfully Submitted.

# VERIFICATION

I, Jeffry R. Martin, declare under penalty of perjury and under the United States of America that the foregoing is true, correct and not meant to mislead. All Rights retained without recourse.

On this _27_ day August, 2007

Jeffry R. Martin, Plaintiff
c/o P.O. Box 2571
Corvallis, Oregon [97339]

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Jeffry R. Martin

*88888*

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Benton
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jeffry R. Martin, In pro se
c/o P.O. Box 2571
Corvallis, Oregon [97339]
(541) 753-7642

## DEFENDANTS

UNITED STATES, a Federal Corporation aka UNITED STATES OF AMERICA, the INTERNAL REVENUE SERVICE and the DEPARTMENT OF THE TREASURY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-01539
Assigned To : Bates, John D.
Assign. Date : 8/29/2007
Description: Pro Se Gen. Civil

*JURY ACTION*

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◎ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust

- ☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ◎ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☒ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

*(4)*

| O **G. Habeas Corpus/ 2255** | O **H. Employment Discrimination** | O **I. FOIA/PRIVACY ACT** | O **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O **K. Labor/ERISA (non-employment)** | O **L. Other Civil Rights (non-employment)** | O **M. Contract** | O **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   O 2 Removed from State Court   O 3 Remanded from Appellate Court   O 4 Reinstated or Reopened   O 5 Transferred from another district (specify)   O 6 Multi district Litigation   O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
Violations of APA at 5 U.S.C. §§ 701-706; 26 U.S.C. §7433 et seq.; 29 U.S.C 2410; I, IV, V, XIV and XVI Constitutional Amendments

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 1,500,000.00<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☒   NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** N/E   (See instruction)   YES ☐   NO ☑   If yes, please complete related case form.

DATE 8/27/07   SIGNATURE OF ATTORNEY OF RECORD _Tiffany V. Watten_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.