IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFRY R. MARTIN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No: 1:07-cv-1539 (JDB) |
| | ) |
| UNITED STATES, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS
 & SUPPORTING MEMORANDUM**

MOTION TO DISMISS

DEFENDANTS, the United States of America, the Department of the Treasury, and the Internal Revenue Service move under Fed. R. Civ. P. 12(b) to dismiss plaintiff's complaint.

As grounds for this motion, defendants submit that the Court lacks jurisdiction over the Department of the Treasury and the Internal Revenue Service and the complaint fails to state a claim upon which relief can be granted. A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

///

///

///

///

3115297.1

The specific relief sought by this motion is dismissal of the complaint with prejudice.

DATE:  March 8, 2008.

        Respectfully submitted,

        /s/ Michael J. Salem
        MICHAEL J. SALEM
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 227
        Washington, DC  20044
        Telephone:  (202) 307-6438
        Michael.J.Salem@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

This is an action in which plaintiff, a resident of Oregon, seeks money damages as well as injunctive and declaratory relief against the United States, the Department of the Treasury, and the Internal Revenue Service, on account of the filing of a notice of federal tax lien against plaintiff.

QUESTIONS PRESENTED

Plaintiff failed to file timely federal tax returns for a number of years. The Internal Revenue Service determined deficiencies for such years, assessed taxes, and filed a notice of federal tax lien against plaintiff. Are the Department of the Treasury and the Internal Revenue Service proper defendants to this suit? Is plaintiff entitled to injunctive and declaratory relief with respect to federal taxes, as well as money damages?

STATEMENT

Jeffry R. Martin, a resident of Corvallis, Oregon (Compl. 3, ¶ a), filed the instant complaint on August 29, 2007. The complaint names the United States, the Department of the Treasury, and the Internal Revenue Service as defendants. (Compl. 3, ¶¶ b, c, d.) Although the complaint rambles for 90 paragraphs over 21 pages of repetitious prose, Martin's claim is based entirely upon the filing of a notice of federal tax lien against him on July 8, 2005. (*See* Compl. ¶ 2.) Contending that the filing of the notice of federal tax lien was illegal, Martin seeks—

- an injunction commanding defendants to release the concerned notice of federal tax lien (Compl. 20, ¶ a);

- a declaration that plaintiff should be made whole (Compl. 20, ¶ c);

- money damages, in three separate amounts—$1,000,000, $54,953.66, and treble damages (Compl. 20, ¶¶ b, d, e); and

- ancillary relief, including costs (Compl. 20, ¶¶ f, g).

Although not entirely clear from the complaint, it appears that the notice of federal tax lien was filed after Martin failed to file customary and usual tax returns or pay federal income taxes for the 1999 and 2000 calendar years. (*See* Compl. ¶¶ 9-11.)

ARGUMENT

I

THE COURT LACKS JURISDICTION OVER THE PERSONS
OF THE DEPARTMENT OF THE TREASURY & THE
INTERNAL REVENUE SERVICE

The Court lacks jurisdiction over the persons of the Department of the Treasury and the Internal Revenue Service. These agencies are not authorized to be sued *eo nomine* in tax cases. *Murphy v. Internal Revenue Service*, 493 F.3d 170, 173-74 (D.C. Cir. 2007). Therefore, the Department of the Treasury and the Internal Revenue Service must be dismissed from this suit.

II

PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF IS
BARRED BY THE ANTI-INJUNCTION ACT

Martin seeks an order commanding the Internal Revenue Service to release the federal tax lien against him and to file a release of lien. (Compl. 20, ¶ a.) Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent objective of plaintiff's claim. *See* 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of federal taxes by interfering with a filed notice of federal tax lien. *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987); *American Federation of Gov't Employees, AFL-CIO v. United States*, 660 F.Supp. 12, 13, (D.D.C. 1987).

III

PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF IS
BARRED BY THE DECLARATORY JUDGMENT ACT

Plaintiff also seeks a declaration that he "has a Constitutional right to restore and be made whole of any loss sustained for the production of his property [sic]." (Compl. 20, ¶ c.) Declaratory relief respecting federal taxes is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201. By its terms, the Declaratory Judgment Act provides that—

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, *** any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of

> any interested party seeking such declaration, whether or not
> further relief is or could be sought. Any such declaration
> shall have the force and effect of a final judgment or decree
> and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added).

Simply put, the Declaratory Judgment Act's federal tax exception bars this Court from exercising jurisdiction over any action that seeks a "determination" with respect to the assessment or collection of taxes. *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d at 843; *Debt Buyers' Ass'n v. Snow*, 2006 WL 598143, *6 (D.D.C. 2006). It cannot be gainsaid that Martin seeks a declaratory judgment "with respect to federal taxes." Therefore, the Court cannot exercise subject matter jurisdiction over Martin's request for a declaration that he be made whole on account of damages allegedly suffered as a result of the notice of federal tax lien filed against him.

IV

THE FILING OF A NOTICE OF FEDERAL TAX
LIEN IS A LAWFUL TAX COLLECTION ACTIVITY

The filing of a notice of federal tax lien is a lawful tax collection activity. *See* 26 U.S.C. § 6323; *Marsoun v. United States*, 525 F.Supp.2d 206, 212 (D.D.C. 2007); *Evans v. United States*, 478 F.Supp.2d 68, 72 (D.D.C. 2007); *Koerner v. United States*, 471 F.Supp.2d 125, 127 (D.D.C. 2007); *Opdahl v. United States*, 2001 WL 1137296, *2 (D.D.C. 2001). Federal tax liens arise by operation of law, after assessment of a tax, the failure to pay the same by a taxpayer, and notice and demand for payment by the Internal Revenue Service. As the federal tax lien statute provides—

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.  The purpose of the language "all property and rights to property" reveals a congressional intention to reach every interest in property that a tax debtor might have.  *United States v. National Bank of Commerce*, 472 U.S. 713, 719-20 (1985).  Furthermore, the statute's broad application is intended to "assure the *collection* of [federal] taxes.  *Glass City Bank v. United States*, 326 U.S. 265, 267 (1945) (emphasis added).  But a federal tax lien is not valid against certain types of competing creditors until notice of the lien is filed in conformance with 26 U.S.C. § 6323.  *United States v. Estate of Romani*, 523 U.S. 517, 517-18 (1998).  Thus, in order to preserve the United States' position for a tax lien foreclosure suit or an administrative levy—both undeniably tax collection actions—the Internal Revenue Service must file a notice of federal tax lien.  Therefore, it cannot be gainsaid that the action of filing the notice of lien is a lawful tax collection action.

### CONCLUSION

It is the position of defendants that the motion to dismiss ought to be granted.

DATE:  March 8, 2008.          Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　  /s/ Michael J. Salem
　　　　　　　　　　　　　　　　　　　　　　 MICHAEL J. SALEM
　　　　　　　　　　　　　　　　　　　　　　 Trial Attorney, Tax Division

                                    U.S. Department of Justice
                                    Post Office Box 227
                                    Washington, DC  20044
                                    Telephone:  (202) 307-6438
                                    Michael.J.Salem@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing DEFENDANTS' MOTION TO DISMISS & SUPPORTING MEMORANDUM was caused to be served upon plaintiff *pro se* on the 8th day of March, 2008, by filing and entering the same upon the electronic court filing website of the United States District Court for the District of Columbia.

                                    /s/ Michael J. Salem
                                    MICHAEL J. SALEM

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFRY R. MARTIN, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   No: 1:07-cv-1539 (JDB) |
| | ) |
| UNITED STATES, et al., | ) |
| | ) |
|     Defendants. | ) |

**O R D E R**

Having considered defendants' motion to dismiss the complaint, together with the memorandum in support thereof, and having further considered plaintiff's [lack of] opposition thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of _____, 2008, at Washington, District of Columbia,

    ORDERED that the defendants' motion to dismiss be and is GRANTED;

    ORDERED that the Department of the Treasury and the Internal Revenue Service be and are DISMISSED;

    ORDERED that plaintiff's complaint be and is DISMISSED with prejudice; and it is further

    ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

| | |
|---|---|
| JEFFRY R. MARTIN | MICHAEL J. SALEM |
| Plaintiff *pro se* | Trial Attorney, Tax Division |
| Post Office Box 2571 | U.S. Department of Justice |
| Corvallis, OR  97339 | Post Office Box 227 |
| | Washington, DC  20044 |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing defendants' proposed ORDER was caused to be served upon plaintiff *pro se* on the 8th day of March, 2008, by filing and entering the same upon the electronic court filing website of the United States District Court for the District of Columbia.

                                         /s/ Michael J. Salem
                                         MICHAEL J. SALEM