UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jeffry R. Martin,                               )
                                                )
                Plaintiff,                      )    Case No. 1:07-CV-01539-JDB
                                                )
        vs.                                     )
                                                )
UNITED STATES, a Federal Corporation aka        )
UNITED STATES OF AMERICA, the                   )    RECEIVED
INTERNAL REVENUE SERVICE and the                )
DEPARTMENT OF THE TREASURY.                     )    MAR 1 8 2008
                                                )
                Defendants.                     )    NANCY MAYER WHITTINGTON, CLERK
                                                )    U.S. DISTRICT COURT
                                                )

## MOTION TO TRANSFER VENUE

Pursuant to 28 U.S.C. § 1404(a), Plaintiff, Jeffry R. Martin, moves for an order transferring this action to the District of Oregon for the convenience of the parties and the witnesses, and in the interest of justice. This motion is based on the Motion to Transfer Venue, the accompanying Memorandum in Support of Motion to Transfer Venue, the pleadings and other documents on file in this action, and any further evidence and oral argument that the Court may request with respect to this motion.

### MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

This case involves a dispute regarding the procedural validity of an administrative Notice of Federal Tax Lien issued against the real and personal property belonging to Plaintiff Jeffry R. Martin being extorted by employees working on behalf of the Internal Revenue Service. This case should be transferred to the District of Oregon for good cause as follows:

- Plaintiff is a resident of the state of Oregon;

- The real property and personal property that is the subject matter of the suit is located within the District of Oregon;

- The District of Oregon has jurisdiction over the issues of this case.

Taken together, these facts demonstrate that the interests of justice would be served by a transfer to the District of Oregon. Because the relevant factors weigh heavily in favor of transferring this action to the Oregon, the Court should exercise its discretion under 28 U.S.C. § 1404(a) to transfer the action to that forum.

## I. PARTIES AND PROCEDURAL BACKGROUND

### Affidavit and Summary of Events

1. On or about August 29, 2007, Plaintiff filed a Verified Complaint in the United States District Court, District of Columbia.

2. Plaintiff's complaint includes a quiet title action to property commonly described as 1441 North West Alta Vista Drive, Corvallis, Oregon [97330] and bearing the legal description more particularly described as:

> Beginning at a ½ inch pipe which is South 88° 13-1/2' West 355.65 feet, South 0°21' East 120 feet and South 88° 13-1/2' West 96 feet from the Northeast corner of the Joseph P. Friedley Donation Land Claim no. 62, Township 11 South, Range 5 West of Willamette Meridian in Benton County, Oregon; thence continuing South 88° 13-1/2' West, parallel to the North line of Block 4, Wells Addition to Corvallis, Oregon, 154.45 feet to a ½ inch rod on the East line of Alta Vista Drive; thence South 0°21' East along the East line of said Alta Vista Drive, 92 feet to ½ inch rod; thence North 88° 13-1/2' East 154.46 feet to a ½ inch pipe; thence North 0°21' West 92 to the point of beginning.

## II. LEGAL POSITIONS

### A. MOTIONS TO TRANSFER UNDER SECTION 1404(A): A THREE-PART TEST

Motions to transfer venue under 28 U.S.C. § 1404(a) reads:

*"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."*

"The statutory language reveals three general categories of factors that courts must consider when deciding whether to transfer venue: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l*, 119 F.3d at 691(quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The facts of this case easily satisfy these criteria. Because this case "might have been brought" in the District of Oregon, this Court can exercise its discretion to transfer the case "for the convenience of parties and witnesses and in the interest of justice."

### B. BOTH THE CONVENIENCE OF THE PARTIES AND THE INTEREST OF JUSTICE WOULD BE SERVED BY TRANSFERRING THIS ACTION TO THE DISTRICT OF OREGON.

1. **Plaintiff Jeffry R. Martin's residence and Defendants' offices are located near the transferee's district, making the District of Oregon the most convenient district for the parties.**

The first of the traditional factors, "convenience of the parties," strongly supports transferring this case to the District of Oregon. The Plaintiff, Jeffry R. Martin, resides in Corvallis, Oregon. The Corporate Defendants maintain offices that are located at Internal Revenue Service, 915 2nd Ave, Seattle, WA 98174.

Under the circumstances that the Plaintiff elected to file suit far from his home district, the Court should not presume that the chosen forum is particularly convenient to the Plaintiff. However, for the convenience of the parties and in the interest of justice, this case should be transferred to the District of Oregon.

2. **The proximity of the key party and third-party witnesses to the transferee district make the District of Oregon the most convenient district for the witnesses,**

The second traditional factor, "convenience of the witnesses," strongly supports transferring this case to the District of Oregon. "Convenience of the witnesses is a primary, if not the most important, factor in considering a motion under § 1404(a)." *Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp.2d, 869, 876. Any of the Plaintiff's own potential witnesses live or work either in the Oregon. In contrast, if this case were to remain in this District, there would be no assurance or even likelihood that any third-party witnesses would testify at trial. Finally, a transfer to the District of Oregon would not prejudice other third-party witnesses. No known third-party witnesses reside in the District of Columbia.

3. **Transferring the case to the District of Oregon would serve the interests of justice.**

The third traditional factor, "the interest of justice," also supports a transfer to the District of Oregon. The Plaintiff would not be disadvantaged by a transfer of this case to the District of Oregon. By transferring the claims to the District of Oregon, Defendants would also suffer no appreciable delay in the resolution of this case, and in fact may see a faster resolution. Finally, as the records reflect, this case is still is in its beginning stages.

### III. CONCLUSION

This case does not belong in the District of Columbia; it belongs in the District of Oregon. A transfer to the District of Oregon would square with both common sense and fundamental fairness.

WHEREFORE: Plaintiff, Jeffry R. Martin moves to transfer venue of this case to the District of Oregon as the just and proper remedy.

Respectfully submitted.

## VERIFICATION

I, Jeffry R. Martin, declare under penalty of perjury under the laws of the United States of America (North) that the foregoing is true and correct. All rights retained without recourse.

On this __14__ day of __MARCH__ 2008

_Jeffry R. Martin_, Plaintiff<br>
P.O. Box 2571<br>
Corvallis, Oregon [97339]

## CERTIFICATE OF SERVICE

I, Jeffry R. Martin, certify that on this __14__ day of __MARCH__, 2008, I served a copy of the above Motion to Transfer Venue, Memorandum of law and authorities, and proposed Order on the following parties:

Michael Joseph Salem
Trial Attorney, Tax Division
U.S. DEPARTMENT OF JUSTICE
P.O. Box 227
Washington, DC 20044
Certified Mail No. 7001 0710 0003 8915 1715

_Jeffry R. Martin_

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jeffry R. Martin, )
 ) Case No. 1:07-CV-01539-JDB
    Plaintiff, )
 )
 ) **ORDER**
vs. )
 )
UNITED STATES, a Federal Corporation aka )
UNITED STATES OF AMERICA, the )
INTERNAL REVENUE SERVICE and the )
DEPARTMENT OF THE TREASURY. )

    Defendants.

Having considered the Plaintiff's Motion to Transfer Venue and any opposition thereto, the Court concludes that the motion should be granted. Accordingly, it is this ____ day of _____, 2008

    **ORDERED** that Plaintiff's Motion to Transfer Venue is **GRANTED**; it is further

    **ORDERED** that this case is transferred to the District of Oregon, and the Clerk shall take the appropriate actions to transfer this case accordingly; and it is further

    **ORDERED** that the Clerk shall distribute conformed copies of this order to the representative of the parties listed below.

_____
**UNITED STATES DISTRICT JUDGE**

1

COPIES TO:

Michael Joseph Salem
Trial Attorney, Tax Division
U.S. DEPARTMENT OF JUSTICE
P.O. Box 227
Washington, DC 20044

Jeffry R. Martin
P.O. Box 2571
Corvallis, Oregon [97339]

2