IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFRY R. MARTIN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No: 1:07-cv-1539 (JDB) |
| | ) |
| UNITED STATES, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TRANSFER VENUE**

This is an action in which plaintiff seeks money damages as well as injunctive and declaratory relief against the United States, the Department of the Treasury, and the Internal Revenue Service, on account of the filing of a notice of federal tax lien against plaintiff.

SUMMARY

**Plaintiff—a resident of Oregon—chose to initiate his civil action complaining of alleged wrongful federal tax collection in this judicial district. The United States filed a motion to dismiss the complaint for, among other things, failure to state a claim upon which relief can be granted. Plaintiff has not opposed the motion to dismiss. Instead, plaintiff has moved to transfer the case to the District of Oregon. The Court should deny the motion for transfer and grant the unopposed motion to dismiss. Alternatively, should the Court order the case**

**transferred to Oregon, plaintiff should be required to file an opposition to the motion to dismiss prior to transfer of the case.**

STATEMENT & DISCUSSION

*Background*

Jeffry R. Martin, a resident of Corvallis, Oregon (Compl. 3, ¶ a), filed the instant complaint on August 29, 2007.  Martin's claim is based entirely upon the filing of a notice of federal tax lien against him on July 8, 2005.  (*See* Compl. ¶ 2.)  Contending that the filing of the notice of federal tax lien was illegal, Martin seeks—

- an injunction commanding defendants to release the concerned notice of federal tax lien (Compl. 20, ¶ a);

- a declaration that plaintiff should be made whole (Compl. 20, ¶ c);

- money damages, in three separate amounts—$1,000,000, $54,953.66, and treble damages (Compl. 20, ¶¶ b, d, e); and

- ancillary relief, including costs (Compl. 20, ¶¶ f, g).

Although not entirely clear from the complaint, it appears that the notice of federal tax lien was filed after Martin failed to file customary and usual tax returns or pay federal income taxes for the 1999 and 2000 calendar years.  (*See* Compl. ¶¶ 9-11.)

On March 8, 2008, defendants filed a fully supported motion to dismiss the complaint.  Rather than respond to the motion to dismiss, plaintiff filed a motion to transfer venue from the District of Columbia—*the district in which he chose to file to suit*—to the District of Oregon.

*The Court should dismiss the complaint without further delay*

The decision to grant a motion to transfer venue under 28 U.S.C. § 1404 is committed to the sound discretion of the trial court. *Barham v. UBS Financial Service*, 496 F.Supp.2d 74- 176-77 (D.D.C. 2007). Ordinarily, a court should accord significant deference to the plaintiff's choice of forum. *Sierra Club v. Van Antwerp*, 523 F.Supp.2d 5, 11 (D.D.C. 2007). Oddly, in the case before the Court, *plaintiff* chose to file his case in this district, as was his right. But now, facing a motion to dismiss the complaint, *plaintiff* seeks to transfer venue to his district of residence.

Defendants' motion to dismiss stands unopposed. Plaintiff has no opposition to the motion and can make none. Moreover, while section 1404 permits transfer of cases in the interests of justice, there is no indication that the statute was intended to facilitate forum shopping or abet delay, both of which are suggested by the timing of plaintiff's motion. Accordingly, the Court should dismiss the complaint without further delay. In the event plaintiff wishes to pursue his claims in Oregon, he will be free to do so by filing a new complaint in that district.

*Should the Court grant the motion to transfer venue,*
*the transfer should be made subject to the pending*
*motion to dismiss*

Should the Court grant plaintiff's motion to transfer venue, despite the fact that it is he who chose to file suit in this district, and despite the fact that he has filed no opposition to the motion to dismiss, the Court should order a transfer of venue only subject to the pending motion to dismiss. That is to say, plaintiff should be required to

file whatever opposition he has to the motion to dismiss as a condition precedent to transfer. In that way, defendants will not be inconvenienced by the necessity to redraft and refile a motion to dismiss the complaint in the transferee district.

## CONCLUSION

The Court should deny plaintiff's motion to transfer venue and dismiss the complaint. In the alternative, should the Court grant plaintiffs' motion to transfer venue, the motion should be subject to the pending, unopposed motion to dismiss.

DATE: April 7, 2008.

                                              Respectfully submitted,

                                              /s/ Michael J. Salem
                                              MICHAEL J. SALEM
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              Post Office Box 227
                                              Washington, DC  20044
                                              Telephone:  (202) 307-6438
                                              Michael.J.Salem@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE was caused to be served upon plaintiff *pro se* on the 7th day of April, 2008, by filing and entering the same upon the electronic court filing website of the United States District Court for the District of Columbia, and by depositing a copy thereof in the United States mail, postage prepaid, addressed as follows:

>JEFFRY R. MARTIN
>Plaintiff *pro se*
>Post Office Box 2571
>Corvallis, OR  97339..

 /s/ Michael J. Salem
MICHAEL J. SALEM

3169542.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFRY R. MARTIN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  No: 1:07-cv-1539 (JDB) |
| | ) |
| UNITED STATES, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Having considered plaintiff's motion to transfer venue, together with the memorandum in support thereof and defendants' opposition to the motion, and also having considered defendants' unopposed motion to dismiss the complaint, the Court concludes that the motion to transfer venue ought to be denied and the motion to dismiss ought to be granted. Accordingly, it is this _____ day of _____, 2008, at Washington, District of Columbia,

ORDERED that plaintiff's motion to transfer venue be and is DENIED;

ORDERED that defendants' motion to dismiss be and is GRANTED;

ORDERED that the Department of the Treasury and the Internal Revenue Service be and are DISMISSED;

ORDERED that plaintiff's complaint be and is DISMISSED without prejudice; and it is further

///

///

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

| | |
|---|---|
| JEFFRY R. MARTIN | MICHAEL J. SALEM |
| Plaintiff *pro se* | Trial Attorney, Tax Division |
| Post Office Box 2571 | U.S. Department of Justice |
| Corvallis, OR  97339 | Post Office Box 227 |
| | Washington, DC  20044 |

CERTIFICATE OF SERVICE

      IT IS CERTIFIED that the foregoing defendants' proposed ORDER was caused to be served upon plaintiff *pro se* on the 7th day of April, 2008, by filing and entering the same upon the electronic court filing website of the United States District Court for the District of Columbia.

                                     /s/ Michael J. Salem
                                     MICHAEL J. SALEM

1560491.113177719.11

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFRY R. MARTIN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No: 1:07-cv-1539 (JDB) |
| | ) |
| UNITED STATES, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Having considered plaintiff's motion to transfer venue, together with the memorandum in support thereof and defendants' opposition to the motion, and also having considered defendants' pending and unopposed motion to dismiss the complaint, the Court concludes that the motion to transfer venue ought to be granted conditionally.  Accordingly, it is this _____ day of _____, 2008, at Washington, District of Columbia,

ORDERED that plaintiff shall file any opposition to defendants' pending motion to dismiss on or before _____, 2008;

ORDERED that in the event of and upon filing of plaintiffs' opposition to defendants' pending motion to dismiss, defendants shall within five days file any reply thereto;

ORDERED that in the event of and six days after the filing of plaintiffs' opposition to defendants' pending motion to dismiss, plaintiff's motion to transfer venue shall be deemed GRANTED, and the Clerk shall transfer this action, with the

pending motion to dismiss, to the District of Oregon without further order of Court;

ORDERED that in the event plaintiff fails to file an opposition to defendants' pending motion to dismiss on or before the date set forth in the first decretal paragraph, above, plaintiff's motion to transfer venue shall be deemed DENIED, and the Court will proceed to decide defendants' pending, unopposed motion to dismiss; and it is further

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

| JEFFRY R. MARTIN | MICHAEL J. SALEM |
|---|---|
| Plaintiff *pro se* | Trial Attorney, Tax Division |
| Post Office Box 2571 | U.S. Department of Justice |
| Corvallis, OR 97339 | Post Office Box 227 |
| | Washington, DC 20044 |

1560491.113177728.11

CERTIFICATE OF SERVICE

     IT IS CERTIFIED that the foregoing defendants' proposed ORDER was caused to be served upon plaintiff *pro se* on the 7th day of April, 2008, by filing and entering the same upon the electronic court filing website of the United States District Court for the District of Columbia.

                                          /s/ Michael J. Salem
                                          MICHAEL J. SALEM

1560491.113177728.11