UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jeffry R. Martin, )
)
          Plaintiff, ) Case No. 1:07-CV-01539-JDB
)
vs. )
) **PLAINTIFF'S REPLY TO**
) **DEFENDANTS' OPPOSITION TO**
UNITED STATES, a Federal Corporation aka ) **MOTION TO TRANSFER VENUE**
UNITED STATES OF AMERICA, the )
INTERNAL REVENUE SERVICE and the )
DEPARTMENT OF THE TREASURY, )
)
          Defendants. )

COMES NOW Plaintiff, Jeffry R. Martin, in reply to Defendants' opposition to Plaintiff's motion to transfer venue. The Defendants contend that their motion to dismiss filed on March 8, 2008 stands unopposed, and that the Plaintiff has no opposition to the motion and can make none. To the contrary, because the Government did not show where in it would most likely prevail on the merits, and the Plaintiff exhausted his administrative remedies prior to filing his Verified Compliant, the Plaintiff will make a showing that the Court has jurisdiction in his opposing motion.

Furthermore, the Plaintiff has not received a *Strickkand* Order from the Court advising him of the consequences of any alleged failure to respond. In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the D.C. Circuit held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That the notice should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509.

PLAINTIFF'S REPLY TO DEFENDANTS'      - 1 -     Jeffry R. Martin, Plaintiff
OPPOSITION TO MOTION TO TRANSFER VENUE



RECEIVED
APR 1 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The Defendants did not show how they would be prejudiced as the Plaintiff does not oppose and understands that the entire case, including the motion to dismiss, will be transferred and decided in the proper venue. Finally, it would not be in the interest of judicial economy to dismiss this case; as such a dismissal would result in the Plaintiff having to file the in the proper venue. If counsel believes his dispositive motion to dismiss will prevail in this venue, he should have no less confidence that it he will obtain a favorable ruling in the proper venue.

**WHEREFORE**, the Plaintiff's motion to transfer should be granted as just and proper for all reasons stated hereinabove.

Respectfully submitted.

## VERIFICATION

I, Jeffry R. Martin, declare under penalty of perjury under the laws of the United States of America and of the State of Oregon, that the foregoing is true and correct.

On this __10__ day of April, 2008

*[signature]*
Jeffry R. Martin, Plaintiff
P.O. Box 2571
Corvallis, Oregon [97339]

## CERTIFICATE OF SERVICE

I, <u>Jeffry R. Martin</u>, hereby certify that on the _12_ day of April 2008, I served a true and correct copy of the foregoing "PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO TRANSFER VENUE" by depositing copies in the United States mail, postage prepaid, addressed as follows:

Michael Joseph Salem
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

_/s/ Jeffry R. Martin_
Jeffry R. Martin