# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Jeffry R. Martin,                          )

              Plaintiff,              )      Case No. 1:07-CV-01539-JDB

                         )

        v.                          )     **PLAINTIFF'S RESPONSE TO**

                         )  **DEFENDANTS' MOTION TO DISMISS**

UNITED STATES, et al.,                 )

                         )

             Defendants.               )

                         )

## RECEIVED

MAY – 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

COMES NOW Plaintiff, Jeffry R. Martin, proceeding on his own behalf, responding to the Defendants' Motion to Dismiss and moving this Court deny the same. Plaintiff includes evidence sufficient to establish that this Honorable Court has both subject matter and in personam jurisdiction over all verified claims cited in the Plaintiff's complaint, which involve a significant property interest of which the Plaintiff is being deprived. *"Generally, if government action will deprive an individual of a significant property interest, that individual is entitled to an opportunity to be heard." Boddie v. Connecticut*, 401 U.S. 371, 379, 91 S. Ct. 780, 786, 28 L. Ed.2d 113 (1971). Emphasis added.

## MEMORANDUM OF LAW AND BRIEF IN SUPPORT

### I.
### The United States Supreme Court Established The Doctrine Of Substance Over Form Regarding The Filing Of A Complaint

The Plaintiff Jeffry R. Martin, unable to afford an attorney, filed his Verified Complaint in *pro se*, and, as cited in *Haines* supra, should not to be held to the high standards of a bar attorney as stated in *Haines*: "…*allegations such as those asserted by petitioner, however inartfully plead,*

*[pro se] must be held to a less stringent standard than formal pleadings drafted by bar-admitted attorneys and can only be dismissed for failure to state a claim if it appears beyond a doubt that the pro se litigants can prove no set of facts in support of [his] claims which would entitle him to relief.*" Haines v. Kerner, 404 U.S. 519-521.

The substance of the Plaintiff's Verified Complaint has effectively established the elements necessary to cede this Court's jurisdiction. The United States Supreme Court stated in *Frank Lyon Co. v. United States*, 435 U.S. 561 *(1978)* 98 S.Ct. 1291, *"In applying this doctrine of substance over form, the Court has looked to the objective economic realities of a transaction rather than to the particular form the parties employed. "The Court has never regarded 'the simple expedient of drawing up papers,'"* Commissioner v. Tower, 327 U.S. 280, 291 (1946), *"as controlling for tax purposes when the objective economic realities are to the contrary. In the field of taxation, administrators of the laws, and the courts, are concerned with substance and realities, and formal written documents are not rigidly binding."* Helvering v. F. & R. Lazarus & Co., 308 U.S., 252, 255. See also *Commissioner v. P. G. Lake, Inc.*, 356 U.S. 260, 266-267 (1958); *Commissioner v. Court Holding Co.*, 324 U.S. 331, 334 (1945). *"Nor is the parties' desire to achieve a particular tax result necessarily relevant."* Commissioner v. Duberstein, 363 U.S. 278, 286 (1960).

## II.
### Plaintiff Submitted Documentary Evidence Sufficient To Establish That The United States Waived Sovereign Immunity And Consented To Suit

1.    On page 2 at § I of Defendants' memorandum, Counsel proceeds with the longstanding doctrine of "sovereign immunity" enjoyed by the UNITED STATES Defendant. Addressing *Murphy v. Internal Revenue Service*, 493 F.3d 170, 173-74 (D.C. Cir 2007)

2.    In this case, the UNITED STATES Defendants have given statutory consent to suit as referenced in the Plaintiff's Verified Complaint with specific relief pled in the *ad damnum*,

pursuant to 26 U.S.C. §§ 7433 and 7429, of the *prima facie* internal revenue laws. This civil action is proper to seek in light of the violations of 26 U.S.C. §§ 6103, 6212, 6213, and 6331, et al., that have been statutorily committed by the Defendants under color of the internal revenue laws.

### III.
### Plaintiff Cites Jurisdiction On Multiple Grounds Based On Multiple Violations Committed By The Defendants

3.    The Plaintiff filed the Verified Complaint on multiple jurisdictional grounds in a good-faith attempt to raise all related substantive violations committed by the UNITED STATES Defendants under one umbrella. "*. . . if the joined claims do arise from the same case or controversy, the court may exercise supplemental jurisdiction over the claims.*" See *Leham v. Revolution Portfolio LLC*, 166 F.3d 389, 394, (1st Cir. 1999). "*. . . Rule 18 permits joinder of any and all claims subject only to objections to jurisdiction and venue . . .*" (*Sinclair v. Soniform*, Inc., 935 F.2d 599 (3d Cir. 1991)).

4.    Unlike the Defendants, the Plaintiff does not have unlimited time and resources and does not receive coerced funding from millions of [t]axpayers in which to file countless actions in an attempt to remedy all wrongful and malicious acts committed against him by the Defendants and, therefore, enjoined their acts under a single action. Furthermore, nowhere does the Federal Judicial Code or the Federal Rules of Civil Procedure prohibit Plaintiff from filing this action, properly citing multiple jurisdictional grounds wherein the nature of all claims are able to be heard in this Court; and Defendants cannot produce any evidence to the contrary.

IV.

## The United States, Department Of The Treasury And The Internal Revenue Service Are The Proper Parties Under The Administrative Procedure Act

5.   The Plaintiff invoked the tenable jurisdiction of the Administrative Procedure Act (APA). Counsel for the UNITED STATES mischaracterizes Plaintiff's claims in an attempt to controvert the Plaintiff's separate and distinct APA claims for declaratory and injunctive relief as a claim for relief barred by the Anti-Injunction Act (AIA) and the Declaratory Judgment Act (DJA) with respect to federal taxes.

6.   Counsel for the UNITED STATES asserts on page 3 at § II of his brief that *"Such injunctive relief is barred by the Anti-Injunction Act (26 U.SC. § 7421)... Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one . . ."* but conveniently fails to identify what relief the Plaintiff is allegedly seeking that is presumed to be barred. Here, Counsel is off point and is attempting to mislead this Court, as it is well settled that *"the AIA bar to suit does not apply where Congress has not provided . . . an alternative legal method of challenging the validity of the tax."* South Carolina v. Regan, 465 U.S. 367, 378 (1984).

7.   In this case, as cited in the Plaintiff's Verified Complaint on pages 11 through 12 in Counts IV through XI ¶¶ 44 through 81, Plaintiff is seeking relief regarding the statutory language and construction of 26 U.S.C. § 6331(a) of the *prima facie* internal revenue laws, wherein alleged employees of the IRS have proceeded under this Section to take Plaintiff's personal property, yet the plain language of the statute does not authorize issuance of the administrative notice of levy applicable to Plaintiff's compensation. *"The Supreme Court has repeatedly emphasized the importance of the plain meaning rule, stating that if the language of a statute or regulation has a plain and ordinary meaning, courts need look no further and should apply*

*the regulation as it is written."* <u>Textron Inc. v. Comm'r</u>, 336 F.3d 26, 31 (1st Cir. 2003) (citing <u>Comm'r v. Soliman</u>, 506 U.S. 168, 174, 113 S.Ct. 701, 121 L.Ed.2d 634 (1993); <u>United States v. Ron Pair Enters.</u>, 489 U.S. 235, 241-42, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); <u>Gitlitz v. Comm'r</u>, 531 U.S. 206, 220, 121 S.Ct. 701, 148 L.Ed.2d 613 (2001)).

8.    In relying on the plain language of 26 U.S.C. § 6331(a), the [agency] has abused its limited authority and reached beyond the limitations of its authority to take the Plaintiff's property. Hence, *"<u>[e]ven without an explicit provision for judicial review . . . in the absence of strong indications that a statute commits a decision irrevocably to agency discretion . . . the propriety of the agency's action presents a federal question cognizable in the district courts.</u>"* <u>Bell v. New Jersey</u>, 461 U.S. 773, 792, 103 S.Ct. 2187, 2198, 76 L.Ed.2d 312 (1983) (citations omitted); see also <u>Hamilton</u>, 925 F.2d 1272 (10th Cir. 1991). The <u>Regan</u> exception explicitly held, *". . . that the Act was not intended to bar an action where . . . Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax."* See <u>South Carolina v. Regan</u>, 465 U.S. 367, 373, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984). *Id.* at 373, 104 S.Ct. 1107.

9.    Plaintiff's Verified Complaint clearly arises under a combination of several different statutes, which involve the term *"final agency action"* at 5 U.S.C. § 702. In this instant case, Congress has not provided a format for statutory review with an alternative legal way for Plaintiff to challenge the validity of the tax as it pertains to the statutory language that authorizes an administrative levy pursuant to 26 U.S.C. §§ 6331(a) of the *prima facie* internal revenue laws, thus the <u>Regan</u> exception does apply.

10.  In <u>The Presbyterian Church (U.S.A.) v. United States</u>, 870 F.2d 518, 525 (9th Cir. 1989) states: *". . . on its face, the 1976 amendment to § 702 waives sovereign immunity in all actions*

*seeking relief from official misconduct except for money damages."* The court went on to state: ". . . nothing in the legislative history of the 1976 amendment of § 702 suggests that Congress intended to limit the waiver of sovereign immunity to the specific forms of "agency action" enumerated in § 551(13). Congress stated that *"the time [has] now come to eliminate the sovereign immunity defense in all equitable actions for specific relief against a Federal agency or officer acting in an official capacity."* H.Rep. No. 1656, 94th Cong., 2d Sess. 9, *reprinted in* 1976 U.S. Code Cong.

11.  This waiver is applicable to the UNITED STATES Defendants pursuant to the APA (see 5 U.S.C. §§ 701-706), and Plaintiff in this case seeks injunctive and declaratory relief. Section 702. Right of review states in pertinent part:

> *"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States* seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority *shall not be dismissed nor relief therein be denied on the grounds that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States*: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance."

The APA at Section 703 states in pertinent part:

> "The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction. *If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer.* Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement."

"As we held in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984), when a statute speaks clearly to the issue at hand we ***must give effect to the unambiguously expressed intent of Congress,***" but when the statute "is silent or ambiguous" we must defer to a reasonable construction by the agency charged with its implementation." *Barnhart v. Thomas*, 540 U.S. 20 (2003).

12. Keeping all matters in perspective, the language and statutory construction of the AIA and the DJA have specific applications for declaratory and injunctive relief other than that of the APA. The issues raised in Plaintiff's Verified Compliant, as applicable to the APA, do not in any way seek the prohibition of the assessment or the collection of any tax imposed – as no valid or proper assessment was ever made. The type of injunctive relief sought by the Plaintiff is clearly in the nature of the APA and is not barred by the AIA or the DJA. Counsel's attempt to paint this statute with a broad brush does not cancel the plain language of how Congress intended for the statute to be employed.

13. Each *ad dammum* clause cited at the end of each Count in Plaintiff's Verified Compliant seeks relief specific to that claim. At best, Counsel is attempting to get Plaintiff's entire complaint dismissed regarding issues of form, not substance. *Commissioner v. Tower*, 327 U.S. 280, 291 (1946) *Id.* Therefore, Counts I through IV must not be dismissed and the UNITED STATES' Motion to Dismiss must be denied.

**V.**
**Mr. Martin Foreclosed On The Exhaustion Of His Administrative**
**Remedies, Leaving This Court With Subject Matter Jurisdiction**

14. Counsel for the UNITED STATES failed to dispute the Plaintiff's Verified Complaint at pages 4 through 7 at lines 2 through 19, where Plaintiff meticulously spelled out his exhaustion, fully establishing the occurrence of events leading up to his exhaustion under § 7433 and

included exhibits in support of said exhaustion, as it can get no clearer than that (see Docket #1 incorporated herein by reference).

15. Although the Supreme Court recently held in *Jones v. Bock,* __U.S.__, 127 S. Ct. 910 (2007), that the *"failure to exhaust [administrative] remedies is no basis for dismissal [under Federal Rule of Civil Procedure 12(b)(6)], but is, rather, an affirmative defense."* See also Jones __ U.S. at __, 127 S.Ct. at 920-21 (holding that an exhaustion defense cannot be "subsumed" within the larger rubric of the defense of "failure to state a claim" under Rule(12)(b)(6) because *"[w]hether a particular ground for opposing a claim may be basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not the nature of the ground in the abstract"*), the Plaintiff exhausted his administrative remedies.

16. The Plaintiff's attempt to communicate with unknown IRS employees and resolve those matters has been absolutely futile, resulting in a formal denial of all claims filed by the Plaintiff. *"The administrative remedy is inadequate where the agency has expressed a willingness to act, but the relief it will provide through its action will not be sufficient to right the wrong."* *Randolph-Sheppard*, 795 F.2d at 107 (original emphasis omitted). In *Etelson v. Office of Personnel Management*, 684 F.2d 918, 923 (D.C. Cir. 1982) *"This court has emphasized that "[t]he purpose of exhaustion . . . is narrow . . . . So long as the appellant or some other party has put an objection on the record, the obligation to exhaust is discharged."* *Safir v. Kreps*, 551 F.2d 447, 452 (D.C. Cir. 1977); *York Apt. v. D.C. Zoning*, 856 A.2d 1079 (D.C. 2004).

17. As the Plaintiff's Verified Complaint and supporting exhibits clearly establish, he has documentary evidence of having administratively petitioned the IRS on numerous occasions, in an attempt to resolve those matters. During the entire administrative process the IRS made their

hardline position clear and have refused or denied all claims filed by Martin and have been unwilling to resolve his concerns regarding the alleged tax liability. *"An adverse decision can also be certain if an agency has articulated a clear position on the issue which it has demonstrated it would be unwilling to reconsider."* Id. (citing *Etelson v. Office of Pers. Mgmt.*, 684 F.2d 918, 925 (D.C. Cir. 1982).

18.  No more is necessary to establish that exhaustion has come to fruition in this instant case; and the UNITED STATES Defendants have waived sovereign immunity and have consented to being sued. There is no question that the Plaintiff has fully exhausted his remedies under § 7433 of the Code – and on more than one occasion. Therefore, the Court must deny the Defendants' motion to dismiss.

## VI.
## Plaintiff Mr. Martin Has Stated A Quiet Title Action Under 28 U.S.C. § 2410

19.  Counsel for the Defendants erroneously asserts on page 3 at § II: *"Martin seeks an order commanding the Internal Revenue Service to release the federal tax lien against him . . . Such injunctive relief is barred by the Anti-Injunction Act . . ."* intentionally mischaracterizing the Plaintiff's quiet title claim to be that of one seeking injunctive relief, and the Court can see that is not the case here.

20.  As the Plaintiff's Verified Complaint reflects on pages 7, 8 and 9 at Count I ¶¶ 20 through 34, Plaintiff has filed a quiet title action to challenge the procedural validity of the Notices of Federal Tax Lien and the Notices of Levy – a matter not disputed by Counsel. The Quiet Title Act at 28 U.S.C. § 2410(a) waives the federal government's sovereign immunity with respect to suits to determine title to real or personal property on which the United States has or claims a lien. See *Harrell v. United States*, 13 F.3d 233, 234 (7th Cir. 1993). *"A federal suit to clear a federal tax lien is governed by federal law – federal common law if the applicable statutes*

*have gaps."* <u>United States v. Brosnan</u>, 363 U.S. at 240-42, 80 S.Ct. at 1111-12; <u>Dupnik v. United States</u>, 848 F.2d at 1484; <u>McEndree v. Wilson</u>, 774 F. Supp. At 1295-96. As the court stated: "All the quiet-title act does is waive sovereign immunity."

21.   In <u>Aqua Bar & Lounge, Inc. v. U.S. Dept. of Treasury</u>, 539 F.2d 935, 938-39 (3rd Cir. 1976), the Plaintiff was permitted to challenge the procedural validity of the liens. In <u>Aqua Bar</u> the court stated at 937, 939 and 940, "We turn first to the question of whether, based on the allegations contained in the complaint, this suit may be treated as an action to quiet title to property on which the United States has a lien. We think that this question must be answered in the affirmative . . . Not only are we unpersuaded by the government's arguments for prohibiting a taxpayer from bringing a properly limited suit against the United States under § 2410, we also find strong policy reasons for permitting such an action."

22.   *"The inviolability of private ownership has long been a fundamental principle of our nation's jurisprudence.* See <u>Thatcher v. Powell</u>, 19 U.S. 119, 125 (1821), 5 L.Ed. 221. In recognition of this principle, Congress has imposed precise strictures on the seizure and sale of an individual's property by the IRS to satisfy legitimate tax deficiencies. These provisions, which the Plaintiff contends were not complied with in the instant case, are for the obvious protection of the taxpayer faced with the loss of their property. *Reece v. Scoggins*, 506 F.2d 967, 971 (5th Cir. 1975). *Yet, if § 2410 is construed to lift the barrier of sovereign immunity only to actions brought by parties other than the taxpayer whose property is at stake, <u>the taxpayer would have no available means of enforcing compliance with the procedures enacted for their benefit. In the absence of a Congressional directive to the contrary, we refuse to place such a narrowing construction on § 2410 and thus deprive a taxpayer of any remedy against arbitrary administrative action.</u> We therefore hold that § 2410 constitutes a waiver of*

*sovereign immunity to a suit brought by a taxpayer against the United States which challenges the validity of a federal tax lien* and sale so long as the taxpayer refrains from contesting the merits of the underlying tax assessment itself. *The district court thus had jurisdiction to hear this action under that provision in combination with 28 U.S.C. § 1340."*

23. Further: "It does not authorize quiet-title suits; it does not confer federal jurisdiction over them; it merely clears away the obstacle that sovereign immunity would otherwise place in the path of such a suit. *Harrell* has no problem, however, finding a basis for federal jurisdiction for their quiet-title suit; it is 28 U.S.C. § 1340, which bestows on the federal district courts original jurisdiction of any civil action arising under the internal revenue laws. See *Harrell v. United States*, 13 F.3d 232 (7th Cir. 1993)." As cited in the Plaintiff's Complaint at page 2, the jurisdictional requisites are complete, as in this instant case the United States is the proper party, and the authority to file the quiet title action has been established under the internal revenue laws, *Id.*

24. Finally the court concluded in *Aqua Bar supra*: "Consequently, I would hold that *the elaborate and detailed seizure and sale provisions of the Internal Revenue Code*, 26 U.S.C. §§ 6331, 6335, of necessity *provide an implied waiver of immunity* where it is alleged that the Internal Revenue Service (IRS) has failed to comply with these Congressional mandated directives. See *Aqua Bar & Lounge, Inc* at 940. *Id.* Plaintiff has successfully stated a quiet-title action in his complaint, pursuant to 28 U.S.C. § 2410; therefore, Defendants' motion to dismiss must be denied.

## VII.
## The Anti-Injunction Act Does Not Bar Mr. Martin's Action

25. Counsel for the Defendants erroneously asserts on page 1 at ¶ II: that *"The Internal Revenue Service determined deficiencies for such years, assessed taxes, and filed a notice of*

*federal tax lien against the plaintiff,"* making conclusory allegations and negligently failed to produce documentary evidence to support his unverified claim. The Court's have ruled time and time again that *"Statement of counsel in their briefs do not constitute evidence for purposes of establishing a disputed issue of material fact."* Goodway Marketing, Inc. v. Faulkner Advertising Associates., Inc., (E.D. Pa. 1982), 545 F. Supp. 268, 263; Trinsey v. Pagliaro, (D.C. Pa. 1964), 229 F. Supp. 647, 649. **"Unsworn and unproven assertions of counsel in memoranda are not facts admissible in evidence."** Prairie State Bank v. I.R.S., 155 Ariz. 219, 221 n. 1A, 745 P.2d 966, 968 n. 1A (App.1987), thus Counsel acting on behalf of the United States, bears the burden supporting his unverified claim with a factual basis capable of establishing with the Court that the government will ultimately prevail as explained in Shapiro supra.

26.  The Supreme Court clarified Williams Packaging in Shapiro wherein the Court explained, **"Whether the Commissioner has a chance of ultimately prevailing for purposes of the Williams Packing exception is a question to be resolved on the basis of the information available to the Commissioner at the time of the suit.** See Commissioner v. Shapiro, 424 U.S. 614, 615 (1976), and the Government has submitted no documentary evidence sufficient to establish that it has a chance of ultimately prevailing on the merits.

27.  In Commissioner v. Shapiro, Id at 616 and 617, the Court held that ". . . *the Internal Revenue Service may not "assess" a tax or collect it, by levying on or otherwise seizing a taxpayer's assets, until the taxpayer has had an opportunity to exhaust his administrative remedies, which include an opportunity to litigate his tax liability fully in the Tax Court, 26 U.S.C. § 6212, 6213 . . . and if the Internal Revenue Service does attempt to collect the tax by levy or otherwise, before such exhaustion of remedies in violation of § 6213, the collection is*

_not protected by the Anti-Injunction Act and may be restrained by a United States district_
_court at the instance of the taxpayer. §§ 6213(a), 7421(a)_." The Anti-Injunction Act precludes
this Court from exercising jurisdiction over actions that seek to restrain the assessment and
collection of federal income taxes. Section 7421(a) of the Internal Revenue Code provides in
relevant part as follows:

> "(a) Tax. Except as provided in sections 6015 (e), 6212 (a) and (c), 6213 (a), 6225
> (b), 6246 (b), 6330 (e)(1), 6331 (i), 6672 (c), 6694 (c), and 7426 (a) and (b)(1), 7429
> (b) and 7436, _no suit for the purpose of restraining the assessment or collection of_
> _any tax shall be maintained in any court by any person,_ whether or not such person
> is the person against whom such tax was assessed."

28. The language of this statute states in pertinent part that, " . . . _no suit restraining the_
_assessment or collection of any tax . . ._ " which, under its present statutory construction, _must be_
_construed to mean_ that a procedurally valid, statutory assessment had been made for the
purpose of collection. The AIA includes "exception" clauses, citing Sections 6212(a) and (c)
and 6213(a) of the Code wherein the UNITED STATES Defendants expressly waive immunity
under the Act and consent to being sued for failure to comply with these provisions.

29. The Supreme Court reasoned in _Commissioner v. Shapiro_ 424 U.S. 614 " . . . _that unless_
_the Government has some obligation to disclose the factual basis for its assessments, either in_
_response to a discovery request or on direct order of the court, the exception to the Anti-_
_Injunction Act provided in Enochs v. Williams Packing Co., supra, is meaningless. The_
_taxpayer can never know, unless the Government tells him, what the basis for the assessment_
_is and thus can never show that the Government will certainly be unable to prevail. We agree_
_with Shapiro._" _Id.,_ at 626 and 627.

30. In _Enochs v. Williams Packing Co., supra_, the Court held that an injunction may be
obtained against the collection of any tax if (1) it is "clear that under no circumstances could the

Government ultimately prevail" and (2) "equity jurisdiction" otherwise exists, *i. e.*, the taxpayer shows that he would otherwise suffer irreparable injury. 370 U.S. 1, at 7. <u>The Court also said that *"the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of the suit," ibid. "Williams Packing did not hold that the taxpayer's burden of persuading the District Court that the Government will under no circumstances prevail must be accomplished without any disclosure of information by the Government. It says instead that the question will be resolved on the basis of the information available to the Government at the time of the suit."*</u>

31.  As cited in the Plaintiff's Verified Complaint on pages 9 and 10 citing Count II, ¶¶ 35 through 39, and pages 14 and 15 citing Count VIII ¶¶ 63 through 66, cogent documentary evidence concludes that the IRS has proceeded in violation of 26 U.S.C. §§ 6212(a) and 6751(b), giving rise to an action cognizable under 7429(a)(1), as the Plaintiff effectively demonstrated that the jurisdictional bar of the AIA is waived by the UNITED STATES at 26 U.S.C. § 7421(a) when the IRS failed to comply with 26 U.S.C. §§ 6212(a) and did not issue any Notices of Deficiency prior to filing the administrative Notices of Levy – one of the exceptions to the AIA. Therefore, the Court must deny the UNITED STATES' motion to dismiss and answer the Plaintiff's Complaint as the only just and proper remedy.

## VIII.
## Summary, Conclusion And Prayer For Relief

As the Court's record reflects, Counsel for the UNITED STATES did not submit any documentary evidence within the meaning of *Shapiro* infra, to support his conclusory allegations in his motion to dismiss. Plaintiff Jeffry R. Martin has demonstrated that the UNITED STATES effectively waved its sovereign immunity and that the Court's subject matter jurisdiction is ceded for the following reasons:

a. The Defendants presented no factual basis or supporting documentary evidence to establish that they would ultimately prevail, as these are the minimum standards set out by the Supreme Court in *Shapiro* supra.

b. The Defendants presented no evidence sufficient to establish that the Plaintiff failed to exhaust his administrative remedies pursuant to 26 U.S.C. § 7433(d)(1) and 26 CFR § 301.7433-1(a), (d) and (e)(2) of the *prima facie* internal revenue laws.

c. The Defendants presented no evidence sufficient to establish that Defendants have complied with the elements of 26 U.S.C. § 6213(a) and issued Notices of Deficiency that were served by registered or certified mail to Plaintiff prior to issuing procedurally unenforceable Notices of Levy and, therefore, waived immunity under the Anti-Injunction Act pursuant to the exception clause at 26 U.S.C. § 7421(a), citing 26 U.S.C. §§ 6212(a), and § 6213(a) of the *prima facie* internal revenue laws.

d. The Defendants presented evidence sufficient to establish via their own uncertified and unverified Account Transcripts for tax years 1998, 1999 and 2001 that no notices of deficiency were issued to the Plaintiff Jeffry R. Martin.

e. The Defendants did not dispute and presented no evidence sufficient to establish that the Plaintiff is not entitled to seeking quiet title to real and personal property to challenge the procedural validity of the Notices of Federal Tax Lien and Notices of Levy.

f. The Defendants presented no evidence sufficient to establish that the Plaintiff is not entitled to declaratory and injunctive relief under the Administrative Procedure Act regarding the Defendants' misapplication of the statutory language of 26 U.S.C. § 6331(a) of the *prima facie* internal revenue laws.

**WHEREFORE;** In the interest of justice and considering the entire record, Plaintiff moves this Honorable Court to deny the Defendants' Motion to Dismiss all Counts in the Verified Complaint and order Defendants to answer the Verified Complaint as the only just and proper remedy.

Respectfully submitted.

## VERIFICATION

I, <u>Jeffry R. Martin</u>, declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1) and under the laws of the United States of America that I believe the above to be true and correct to the best of my knowledge, understanding and belief. All Rights retained without recourse.

On this _30_ day of _APRIL_ 2008

Jeffry R. Martin
c/o P.O. Box 2571
Corvallis, Oregon [97339]

## CERTIFICATE OF SERVICE

I, <u>Jeffry R. Martin</u>, hereby certify that on the 30 day of APRIL 2008, I served a

true and correct copy of the above Plaintiff's Response to the Defendants' Motion to Dismiss

with Memorandum of Law and Brief in Support with Exhibits and Proposed Order by Certified

Mail, postage fully prepaid and addressed as follows:

Michael Joseph Salem
Trial Attorney, Tax Division
U.S. DEPARTMENT OF JUSTICE
P.O. Box 227
Washington, DC 20044

Jeffry R. Martin

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Jeffry R. Martin,     )
          )
    Plaintiff,   )  Case No. 1:07-CV-01539-JDB
          )
   v.       )
          )    **ORDER**
UNITED STATES, et al.,   )
          )
    Defendants.  )
_____)

Having considered the Plaintiff's Response to the Defendants' Motion to Dismiss and any opposition thereto, the Court concludes that the motion should be denied. Accordingly, it is this ____ day of _____, 2008

**ORDERED** that Defendants' Motion to Dismiss is DENIED; it is further

**ORDERED** that the Defendants must answer the complaint within 20 days of this Order; and it is further

**ORDERED** that the Clerk shall distribute conformed copies of this order to the representative of the parties listed below.

**IT IS SO ORDERED.**

_____
United States District Judge

1

COPIES TO:

Michael Joseph Salem
Trial Attorney, Tax Division
U.S. DEPARTMENT OF JUSTICE
P.O. Box 227
Washington, DC 20044

Jeffry R. Martin
c/o P.O. Box 2571
Corvallis, Oregon [97339]